IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., | No. C-04-03421 PJH   EDL |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| JAMES PALMER, | |
| Defendant. | |

On January 4, 2005, Plaintiff DirecTV Inc. ("DirecTV") filed a motion for default judgment against Defendant James Palmer ("Palmer"). This matter was referred to the undersigned Magistrate Judge pursuant to Civil Local Rule 72-1. The motion came on for hearing on March 1, 2005. Attorney Sandeep J. Shah appeared by telephone for DirecTV. Palmer did not appear at the hearing and has not appeared in this matter.

On August 19, 2004, DirecTV filed this action against Palmer for violations of the Federal Communications Act of 1934 (the "FCA"), 47 U.S.C. § 605 et seq., the Electronic Communications Privacy Act (the "ECPA"), or "Wiretap Act," 18 U.S.C. § 2510-2521, and California common law. DirecTV alleges that Palmer purchased and used one or more Pirate Access Devices that are designed to decrypt and view DirecTV's satellite transmissions of television programming without authorization by or payment to DirecTV. The Complaint seeks injunctive relief, statutory damages and/or compensatory damages, attorney's fees and costs. (Decl. of Sandeep Shah, Exh. A.)

On October 27, 2004, Palmer was served with the Complaint. (Shah Decl., Exh. B.) Palmer failed to answer the Complaint or otherwise defend the action. On December 13, 2004, upon DirecTV's request, the Clerk of this Court entered Palmer's default under Federal Rule of Civil Procedure 55(a). By his default, Palmer is deemed to have admitted the well-pleaded averments of the Complaint except those as to the amount of damages. Fed. R. Civ. P. 8(d). On January 4, 2005, DirecTV filed this Motion for Default Judgment.

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521. Palmer is not an unrepresented minor, incompetent or in military service. (Shah Decl. ¶ 8 and Exh. D.)

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)). However, "[a] judgment by default shall not be different from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In his July 26, 2004 Order Regarding Limited Assignment to Determine Issues Regarding Joinder of Defendants and Showing Needed to Establish a *Prima Facie* Case under Statutory Claims, Judge Ware addressed the proof necessary for recovery by default judgment under the federal statutes asserted here. In the Matter of DirecTV, Inc., 2004 WL 2645971 (N.D. Cal.).

Because 18 U.S.C. § 2511 is a criminal statute, DirecTV's claim under that section has been deemed a claim under 18 U.S.C. § 2520(a), which creates a private right of action for interception, disclosure or intentional use of wire, oral or electronic communication. Id. at 7-8. Section 2520(a) provides:

> Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person . . . which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a). The Complaint also contains a claim for violation of 47 U.S.C. § 605, which could support a different calculation of damages. DirecTV acknowledges, however, that it must elect one or the other and opted in its motion to seek statutory damages under § 2520(c)(2)(B). (Motion for Default Judgment at 7:9-10; 12:17-20.)

In its Complaint, DirecTV alleges that Palmer purchased and used eleven Pirate Access Devices, consisting of several printed circuit board devices and programmers primarily designed to illegally modify DirecTV's Access Cards. (Compl. ¶¶ 13(a-e).) DirecTV also alleges that Palmer "disclosed or intentionally used, intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept" DirecTV's satellite transmissions. (Compl. ¶ 19.) Because these allegations are taken as true, DirecTV has alleged a claim under section 2520(a) against Palmer and is entitled to the remedies provided under that section, according to proof.

In a request for default judgment, the process of assessing damages is limited by Federal Rule of Civil Procedure 54(c), which states that: "[a] judgment by default shall not be different in kind or exceed in amount that prayed for in the [complaint]." In its Complaint, DirecTV requests: "[i]n the event of a default, an award of statutory damages of $10,000 for each Pirate Access Device . . . and a further award of DirecTV's reasonable attorneys' fees and costs of suit." (Compl., Prayer for Relief ¶ 3.)

Damages for violations of section 2520(a) are provided for under section 2520(c)(2), which provides that the Court may assess as damages whichever is the greater of:

> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> (B) statutory damages as whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2).

In determining the amount of damages under § 2520(c)(2), first, the Court should determine "the amount of actual damages to the plaintiff plus the profits derived by the violator, if any." See Dorris v. Absher, 179 F.3d 420, 430 (6th Cir. 1999); 18 U.S.C. § 2520(c)(2)(A). Second, the Court should

3

1  "ascertain the number of days that the statute was violated, and multiply by $100." See Dorris, 179 F.3d at
2  430; 18 U.S.C. § 2520(c)(2)(B).  Third, the Court should tentatively award the plaintiff the greater of the
3  actual damages or statutory damages unless each is less than $10,000, in
4  which case $10,000 is to be the presumed award. See Dorris, 179 F.3d at 430.  Finally, while each case
5  must be considered individually, the Court has discretion to award the full amount of statutory damages
6  authorized by section 2520(c)(2) or none at all, but may not award an amount falling between these two
7  choices. See 18 U.S.C. § 2520(c)(2); Dorris, 179 F.3d at 430 (holding that the court should "exercise its
8  discretion to determine whether the plaintiff should receive any damages at all in the case before it.").  In
9  determining whether to award damages in a specific case, courts should consider whether the plaintiff
10 suffered financial harm, the extent to which a violation occurred and unlawfully intercepted signals were
11 disclosed, whether the defendant had a legitimate reason for his or her actions, whether the defendant
12 profited from his or her acts, and whether an award of damages would serve a  legitimate purpose. See
13 DirecTV v. Guzzi, 308 F. Supp. 2d 788, 790 (E.D. Mich. 2004).  DirecTV has the burden of proving its
14 damages through testimony or written affidavit.

15       As proof of its actual damages, DirecTV states that the primary use of the devices purchased by
16 Palmer is to pirate DirecTV's satellite programming and that there are no other legitimate commercial or
17 private uses for the device. (Declaration of Kent Mader ¶ 2.)  DirecTV states that an individual using one
18 pirated access card has access to over a million dollars worth of programming services annually, and that
19 even the value of subscription and movies viewed only once is well over $150,000.00 annually.  (Mader
20 Decl. ¶ 12.)  Assuming that a typical user of a Pirate Access Device would view at least the same amount
21 of programming as a typical high-end paying customer, DirecTV has calculated the value of programming
22 purchased by the typical DirecTV high-end legitimate subscriber as $2,454.72 annually or $6.72 per day.
23 (Mader Decl. ¶¶ 12-13.)  Therefore, using the $6.72 daily rate, DirecTV contends that it has suffered at
24 least $7,741.44 in actual damages resulting from Defendant's use of the Pirate Access Device from the
25 purchase date of March 5, 2001 to April 30, 2004.[1]  (Mot. for Default J. at 9:11-15.)

---

[1] DirecTV states that because the data stream for the Access Cards was changed in or about April 2004, Palmer's devices have lost the ability to effectively intercept DirecTV's satellite signals. (Mot. for Default J. at 9, n. 4.)

4

1    Section 2520(c)(2) provides statutory damages for the greater of $100.00 per day of violation or
2    $10,000.00. DirecTV suggests that Palmer has violated section 2520(a) for a total of 1,152 days, from the
3    March 5, 2001 purchase date to April 30, 2004. DirecTV contends that it could be entitled to statutory
4    damages of $100 per day under § 2520, but it has not shown actual usage of the pirate access devices to
5    intercept DirecTV's satellite transmissions on 1,152 days. Therefore, calculating per diem damages based
6    on the number of days of possession would be speculative and unwarranted.

7    DirecTV's Complaint seeks statutory damages under § 2520 in the amount of $10,000 per
8    violation in the event of a default.[2] (Compl., Prayer for Relief ¶ 3; Mot. for Default J. 7:9-10, 9:22-24.)
9    DirecTV argues that because Palmer purchased eleven devices, it is entitled to an award of $10,000.00 per
10   device pursuant to § 2520, amounting to $110,000.00. However, mere possession of multiple devices
11   does not establish the commission of multiple violations of § 2511(a), which criminalizes interception of any
12   wire, oral or electronic communication. 18 U.S.C. § 2511(1)(a). (Compl., ¶ 19.) By contrast, section
13   2512 criminalizes mere possession of pirate access devices, but it does not have a parallel provision for a
14   private right of action. In the Matter of DirecTV, Inc., supra at 2, 2004 WL 2645971 at *8. DirecTV's
15   statutory damages are limited to the amount allowed under § 2520, namely $10,000.00, regardless of the
16   number of devices. Smoot v. United Transp. Union, 246 F.3d 633, 646 (6th Cir. 2001) ("$10,000
17   liquidated damages amount under § 2520(c)(2)(B) is designed to compensate a claimant for all of the
18   transgressor's misdeeds under the Act, unless that transgressor has violated the Act on more than one
19   hundred separate days, in which case compensation is $100 for each such day"). In Smoot, the Sixth
20   Circuit held that liability under the Wiretap Act was limited to $10,000 per claimant, rather than assessing
21   $10,000 in damages per violation. Id. at 647. See also DirecTV v. Bloniarz, 336 F.Supp. 2d 723, 727
22   (W.D. Mich. 2004) (following Smoot in rejecting DirecTV's "per-device" damage calculation, and
23   determining that mere possession of a pirate access device does not give rise to a private cause of action
24   under § 2512).

---

[2] At the hearing on the motion for default judgment, DirecTV asked the Court to infer from the number of devices that Palmer is a distributor under § 605(e)(4), and did not purchase these devices solely for his own use. Because DirecTV elected to seek damages pursuant to § 2520, the Court refrains from considering whether DirecTV would be entitled to damages pursuant to § 605(e)(3)(C)(i)(II).

1  DirecTV is entitled to an award of statutory damages pursuant to § 2520(a) in the amount of
2  $10,000.00. DirecTV provided evidence that it was financially harmed by Palmer's conduct because,
3  *inter alia*, it incurred costs associated with battling piracy and re-engineering its access cards and
4  electronic signals. (Mader Decl. ¶¶ 4-6, 10.) By his default, Palmer has admitted that a violation
5  occurred. There is no evidence that Palmer had a legitimate reason for or profited from his actions. An
6  award of damages would serve the legitimate purpose of deterrence.

7  DirecTV is also entitled to reasonable attorneys fees and costs incurred in prosecuting its claims for
8  violations of the ECPA and the FCA. 18 U.S.C. § 2520(b)(3); 47 U.S.C. § 605(e)(3)(B)(iii). DirecTV
9  requests an award of $3,125.50, an amount which the Court recommends as reasonable. (Shah Decl. ¶¶
10 9-12.)

11 For the foregoing reasons, the Court recommends that judgment be entered in DirecTV's favor in
12 the amount of $10,000.00 in statutory damages and $3,125.50 in attorneys' fees, for a total of
13 $13,125.50. Further, DirecTV is entitled to costs pursuant to Rule 54 of the Federal Rules of Civil
14 Procedure, and should be directed to file a Bill of Costs in compliance with the Local Rules of this Court.

15 Any party may serve and file specific written objections to this recommendation within ten (10)
16 business days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local
17 Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.

19 **IT IS SO RECOMMENDED.**

20

21 Dated: March 7, 2005               /Electronic Signature Authorized/
                                      ELIZABETH D. LAPORTE
22                                    United States Magistrate Judge